UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE UNITED STATES OF AMERICA,

                                                                                                                       <u>NOTICE OF MOTION</u>

            -against-                                                     Criminal No. 09-587 (ILG)

JULIA YAKOVLEV
                        Defendant.
-----------------------------------------------------------------X

      PLEASE TAKE NOTICE, that upon the record of this case, the annexed declaration and all prior submissions and proceedings, defendant Julia Yakovlev, by and through her attorney, Alex Grosshtern, will move this Court, before the Honorable I. Leo Glasser, United States District Judge, United States Courthouse for the Eastern District of New York, at a date and time as set by the Court, for an order:

    I.      FOR A SEPARATE TRIAL PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 8(b) BECAUSE OF THE MISJOINDER OF DEFENDANT AND HER CO-DEFENDANTS

or, in the alternative, for an order

    II.     FOR A SEPARATE TRIAL PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 14 BECAUSE OF PREJUDICIAL JOINDER

and for such other and further relief as to this Court may seem just and proper.

Dated: September 17, 2010
       New York, New York

                                           Respectfully submitted,

                                            /s/_____
                                            Alex Grosshtern
                                            Attorney at Law

                        Attorney for Defendant
                        225 Broadway, Suite 630
                        New York, New York 10007
                        (212) 233-1300

TO:        Clerk of the Court
             United States District Court
             Eastern District of New York
             225 Cadman Plaza East
             Brooklyn, New York 11201

cc via ECF:  James D. Gatta
             Elizabeth A. Geddes
             Amanda Hector
             Assistant United States Attorneys
             Eastern District of New York
             271 Cadman Plaza East
             Brooklyn, New York 11201

             Michael Gold, Esq.
             350 Fifth Avenue, Suite 4400
             New York, New York 10118

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE UNITED STATES OF AMERICA,

                                                                                                                                      <u>DECLARATION</u>

              -against-                                                     Criminal No. 09-587 (ILG)

JULIA YAKOVLEV
                      Defendant.
------------------------------------------------------------------X

        I, ALEX GROSSHTERN, declare under penalty of perjury, pursuant to 28 United States Code, Section 1746, that the following is true and correct:

        1.     I am an attorney admitted to practice before this Court and the attorney of record for defendant Julia Yakovlev.

        2.     I submit this declaration in support of defendant's Motion for a Seperate Trial.

        3.     This declaration and motion are based upon the discovery materials, the attached Memorandum of Law, all prior submissions and proceedings and the record of this case.

        4.     The factual and legal arguments in support of defendant's motion are set forth in the attached Memorandum of Law.

        WHEREFORE, defendant respectfully requests that the Court sever this defendant's trial from co-defendant Dmitriy Yakovlev and order separate trials, and for any other relief the Court deems just and proper.

Dated: September 17, 2010
New York, New York

                Respectfully submitted,

                _/s/_____
                Alex Grosshtern
                Attorney at Law
                Attorney for Defendant
                225 Broadway, Suite 630
                New York, New York 10007
                (212) 233-1300

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE UNITED STATES OF AMERICA,

       -against-                                                  Criminal No. 09-587 (ILG)

JULIA YAKOVLEV
                    Defendant.
-----------------------------------------------------------------X

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR A SEPARATE TRIAL

Defendant, JULIA YAKOVLEV, respectfully submits this Memorandum of Law in support of her Motion for a Separate Trial pursuant to Federal Rule of Criminal Procedure 8(b) and Federal Rule of Criminal Procedure 14. Federal Rule of Criminal Procedure 8(b) only permits joinder of defendants that participate in the same "act or transaction, or in the same series of acts or transactions." It is clear that the conduct allegedly committed by this defendant along with co-defendant Dmitriy Yakovlev (hereinafter "co-defendant DY") as set forth in the superseding indictment --the crimes charged in counts eight through seventeen-- is not part of the same acts or transactions allegedly committed by co-defendant Dmitry Yakovlev with unnamed/uncharged "others" not including this defendant in counts one through seven (as to alleged victims Michael Klein and Viktor Alekseyev). Therefore, this defendant is improperly joined in the superseding indictment with co-defendant DY.

Furthermore, this improper joinder also results in unfair prejudice to this defendant as 1) the charges/evidence against co-defendant DY are so highly inflammatory in nature; and 2) the Government's intention to introduce co-defendant DY's statements is in conflict with this defendant's constitutional right to confrontation. Therefore, this defendant respectfully

5

requests that the Court alleviate this prejudice by granting her a separate trial pursuant to Federal Rule of Criminal Procedure 14.

## FACTS

The initial indictment in this matter charged co-defendant DY and this defendant with ten counts of crimes in the general identity theft/fraud/financial crime category as to one alleged victim (Irina Malezhik). Co-defendant DY and this defendant were charged together in each and every count of the initial indictment. There were no crimes charged in this initial indictment involving any element(s) of violence or harm to the alleged victim. The instant superseding indictment contains seventeen counts including statutes alleging additional identity theft/fraud/financial crimes with allegations of violence and murder in relation to two additional alleged victims. These additional allegations involving violence and murder are counts against co-defendant DY and "others". This defendant is not accused of these additional crimes involving violence against additional alleged victims.

Count one charges co-defendant DY "together with others," (Ind. S-1 ¶ 1) not this defendant, with Bank Fraud as to alleged victim Michael Klein. Counts two through seven charge co-defendant DY "together with others," not this defendant, with Fraudulent Use of Credit Cards (count 2), Fraudulent Use of Identification (count 3), Use of Unauthorized Access Device (count 4), Effecting Fraudulent Transactions (count 5), Bank Fraud (count 6), and Aggravated Identity Theft (count 7) as to alleged victim Viktor Alekseyev. Count three specifically alleges that co-defendant DY "together with others," did "commit and cause the commission of a crime of violence, to wit: the murder of Viktor Alekseyev." (Ind. S-1 ¶ 4)

Furthermore, in a March 8, 2010 Government discovery disclosure pursuant to Rule 16 of the Federal Rules of Criminal Procedure, photographs taken January 8, 2006 marked

6

exhibit 2 were furnished.  These photographs depict the recovery of dismembered human remains that the Government contends are those of Viktor Alekseyev.

In the instant superseding indictment, this defendant is charged in counts eight through seventeen.  These ten counts incorporating this defendant in the superseding indictment consist of the same exact charges set forth in counts one through ten of the initial indictment charging identity theft/fraud/financial crime as to alleged victim Irina Malezhik only.  The only distinction between the original ten counts against this defendant and the superseding counts are the allegations of violence and murder in addition to financial crimes as to Irina Malezhik in count nine and ten.  However, the violence/murder elements of these charges are not alleged against this defendant.

Count nine charges co-defendant DY "together with others" and this defendant with Conspiracy to Fraudulently Use Identification of Irina Malezhik.  As an aggravating circumstance, count nine additionally sets forth that "[i]n connection with the offense, . . ., the defendant Dmitriy Yakovlev, together with others, did knowingly and intentionally commit and cause the commission of a crime of violence, to wit: the murder of Irina Malezhik." (Ind. S-1 ¶ 11)   Similar to count nine, count ten charges co-defendant DY "together with others" and this defendant with Fraudulent Use of Identification as to Irina Malezhik.  As a aggravating circumstance, count ten also alleges murder but omits this defendant in that aspect of the allegation.

Furthermore, on July 24, 2009, co-defendant DY made statements to Special Agent Alexey Abrahams of the Federal Bureau of Investigation.  A transcription of this statement has been provided labeled Government Exhibit 3500-AA-1.  In this statement co-defendant DY allegedly admitted to knowing a Victor to whom co-defendant DY loaned money to and was repaid by having permission to use this person's credit cards.  Co-defendant DY also

7

allegedly admitted to knowing a translator named Irina, loaning money to this person and accepting her credit cards for use in the repayment of said debt.  There was also allegedly a further admission that Irina's credit cards were used at Century 21 Department Store and for purchasing watches using said credit cards with this defendant.  The allegations against this this defendant include use of Irina Malezhik's credit cards at Century 21 Department Store and for the purchase of watches.  The Government seeks to introduce this alleged statement by co-defendant DY at trial.

## MOTION FOR A SEPARATE TRIAL PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 8(b) BECAUSE OF THE MISJOINDER OF DEFENDANT WITH CO-DEFENDANT

**Applicable Law**

Federal Rule of Criminal Procedure 8(b) states that defendants may be joined in one indictment only if they "have participated in the same act or transaction or in the same series of acts or transactions, constituting an offense or offenses."  This has been construed by the Second Circuit to mean "that the acts must be unified by some substantial identity of facts or participants or arise out of a common scheme or plan." United States v. Attanasio, 870 F.2d 809, 815 (2d Cir 1989) (internal quotation and citation omitted). "Unless the standards set out in Rule 8(b) are met, a motion for severance should be granted even absent a showing of prejudice. United States v. Feyrer, 333 F.3d 110, 1143 (2d Cir. 2002).

**Discussion**

Counts eight through seventeen of the superseding indictment that include this defendant are not part of the "same series of acts or transactions" as counts one through seven that name co-defendant DY "together with others" only.  Counts eight through seventeen involve alleged victims Michael Klein and Viktor Alekseyev and contain allegations of murder that this defendant has not been accused of.  Therefore, this defendant's charges

8

(counts eight through seventeen) were improperly joined in the superseding indictment with counts one through seven that charge co-defendant DY "together with others" without this defendant.

Rule 8(b) clearly states that participation of multiple defendants in the same act or transaction, or the same series of such acts, will authorize a joint trial on common or individual counts. The evidence regarding the acts alleged in counts eight through seventeen that include this defendant is not unified with the remaining counts by a substantial identity of facts or participants in that two unrelated additional alleged victims and allegations of murder are the substance of these remaining counts. For the above stated reasons, the Government has failed to establish that the counts that charge this defendant and the counts that omit this defendant are "the same act or transaction or in the same series of acts or transactions." Therefore, the joinder of this defendant and co-defendant is in violation of Rule 8(b) and this defendant's trial should be separate from co-defendant DY.

## MOTION FOR A SEPARATE TRIAL PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 14 BECAUSE OF PREJUDICIAL JOINDER

**Part (i) Applicable Law**

Even where defendants are properly joined under Federal Rule of Criminal Procedure 8, Rule 14 "provides that a district court may nonetheless grant a severance ... 'if it appears that a defendant or the government is prejudiced by a joinder.'" United States v. Feyrer, 333 F.3d at 114 (quoting Fed. R. Crim. P. 14). The decision whether to grant severance pursuant to Rule 14 is a matter of the district court's discretion. United States v. Borelli, 435 F.2d 500, 502 (2d Cir. 1970). In order to prevail under Rule 14, a defendant must demonstrate substantial prejudice, not just that severance provides defendant with a better chance of acquittal. Id. A defendant bears the burden of establishing this substantial prejudice. United States v. Muyet, 945 F.Supp. 586, 596 (S.D.N.Y. 1996) (Leisure, J.). The Supreme Court has

9

recognized that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993).

However, despite this preference, the Supreme Court in Zafiro stated, "when defendants properly have been joined under Rule 8(b), a district court should grant severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539.  Clarifying a type of risk where a Rule 14 severance should be granted the Court further stated, "[s]uch a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a co-defendant." Id. The Court recognized that, "evidence of a co-defendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty." Id.

Courts have recognized that joint trials also pose a risk of "spillover prejudice." "Such prejudice occurs 'when proof inadmissible against a defendant becomes a part of his trial solely due to the presence of co-defendants as to whom its admission is proper.'" United States v. Williams, 181 F.Supp.2d 267, 301-302 (S.D.N.Y 2001) (Buchwald,J.) (quoting United States v. Salameh, 152 F.3d 88, 115 (2d Cir. 1998)).  Based on this standard, the district court must make a preliminary determination as to whether the evidence the Government is going to introduce against co-defendants will also be admissible against the defendant moving for severance. Id. at 302.  In examining the Government's argument in the Williams case that proof of murder and attempted murder would be admissible against the defendant moving for severance as acts in furtherance of a charged conspiracy, the Court stated: "[e]ven assuming, *arguendo*, that the Government is correct in this assertion, while proof of the violent acts themselves may be admissible, evidence of the details of those acts,

such as grisly photos of the crime scene or the victims, would likely not be admissible to prove the narcotics conspiracy." Id. (citing Fed R. Evid. 403).

**Part (i) Discussion**

Even if the Court concludes that counts eight through seventeen that charge this defendant were properly joined to the other counts that only charge co-defendant DY "together with others" without this defendant, defendant's motion for severance should be granted pursuant to Rule 14 of the Federal Rules of Criminal Procedure. The nature and volume of the evidence that will be introduced at a joint trial would prejudice the jury against the defendant and fundamental fairness requires severance.

There exists a very real danger that defendant will be subject to spillover prejudice with regard to the charges against co-defendant DY. As set forth above in the factual portion of this memorandum, detailed and graphic evidence of murder would be introduced at the joint trial which would not be admissible at a trial of this defendant alone. This defendant is charged with identity theft/fraud/financial crime as to alleged victim Irina Malezhik only. The allegations of violence involve the alleged murder of Victor Alekseyev completely unrelated to this defendant's charges. This defendant is also clearly omitted from any allegations of violence as to Malezhik. The violence elements of the charged crimes against co-defendant DY would be especially prejudicial considering the Government's introduction of evidence including but not limited to highly inflammatory photographic evidence of a dismembered body as described above.

In United States v. Williams, 181 F.Supp.2d 267, 301-302 (S.D.N.Y 2001) (Buchwald, J.), the court explained the dangers of spillover prejudice that is helpful in the analysis of the instant matter. In assessing spillover prejudice, the Court must make a preliminary evaluation of whether or not the evidence would be admissible against the

11

defendant moving for severance. Id. at 302.  In determining that there was a danger of spillover prejudice in Williams, Judge Buchwald acknowledged that some evidence of the murders and attempted murders not charged against defendant could be admissible as acts in furtherance of a charged conspiracy.  However, Judge Buchwald drew a distinction between the nature of the evidence that would be introduced in a joint trial and that which could be introduced at a trial of the moving defendant. Id.  Said evidence would most likely not be admitted.

In the instant matter, the evidence supporting the murder allegations includes pictures of a dismembered body that the Government contends is that of Viktor Alekseyev.  The counts involving Viktor Alekseyev as an alleged victim of financial crimes and murder charge only co-defendant DY.  In Williams, where defendant was charged with conspiracy charges involving the murder victim, such evidence would most likely not be admissible according to Judge Buckwald.  Therefore, in the instant matter against this defendant, if she were to be tried alone, such evidence would even more likely not be admissible considering she is not charged with any crimes in relation to Viktor Alekseyev.  The volume and graphic nature of the evidence against co-defendant DY for which defendant is not charged could influence the jury to convict her based merely on his presence with the co-defendants at a joint trial.

This defendant will suffer unfair prejudice in that a jury at a joint trial will hear voluminous and detailed highly inflammatory evidence of violent crimes causing spillover prejudice which would not be heard by a jury at this defendant's individual trial. A jury cannot reasonably be expected to compartmentalize this unfairly prejudicial evidence and not consider the same against this defendant.

**Part (ii) Applicable Law**

The Sixth Amendment to the United States Constitution guarantees a defendant the right "to be confronted with the witnesses against him." United States Const. amend. VI. Confrontation "is essentially a 'functional' right designed to promote reliability in the truth finding functions of a criminal trial." <u>Kentucky v. Stincer</u>, 482 U.S. 730, 737 (1980). This functional right to confrontation is violated by the admission, at a joint trial, of a non-testifying co-defendant's confession or statement that inculpates another defendant on trial. <u>Bruton v. United States</u>, 391 U.S. 136 (1968); see also <u>United States v. Kirsh</u>, 54 F. 3d 1062, 1068 (2d Cir. 1995) ("A defendant's right under the Sixth Amendment to confront the witness against him includes the right not to have the incriminating hearsay statement of a non-testifying co-defendant admitted in evidence against him"). In such situations,

> the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury . . . .Not only are the incriminations devastating to the defendant but their credibility is inevitably suspect, a fact recognized when accomplices do take the stand and the jury is instructed to weigh their testimony carefully given the recognized motivation to shift the blame onto others. The unreliability of such evidence is intolerably compounded when the alleged accomplice, as here, does not testify and cannot be cross examined.

<u>Id</u>. The Supreme Court further clarified the unreliability of co-defendant confessions in <u>Lee v. Illinois</u>, 476 U.S., 530, 545 (1986): "As we have consistently recognized, a co-defendant's confession is presumptively unreliable as to the passages detailing the defendants conduct or culpability because those passages may well be the product of the co-defendant's desire to shift or spread blame, curry favor, avenge himself, or divert attention to another." Additionally, the "practical and human limitations of the jury system cannot be ignored." <u>United States v. Bruton</u> 391 U.S. at 1625. And, "[a] jury cannot segregate evidence into separate intellectual boxes." <u>Id</u>. at 1627. A jury, accordingly, cannot be presumed to follow a

13

trial court's instruction not to consider a co-defendant's confession against an aggrieved defendant. Id. at 1625.

**Part (ii) DISCUSSION**

As set forth above, on July 24, 2009, co-defendant DY made statements to Special Agent Alexey Abrahams of the Federal Bureau of Investigation (transcription labeled Government Exhibit 3500-AA-1). These co-defendant statements incriminate this defendant. If this defendant is not directly incriminated by said statements then at least she is incriminated circumstantially creating prejudicial spillover that curative instructions cannot alleviate. In the alleged statement, defendant DY by 1) admitting to knowing Irina Malezhik; 2) to stating he loaned her money; 3) admitting to use of her credit cards at Century 21 Department Store; and 4) to purchasing watches with this defendant by use of the Malezhik credit cards, co-defendant DY incriminates this defendant. The Government seeks to introduce this alleged statement by co-defendant DY at trial in some redacted form. However, in any redacted form, for this co-defendant statement to be of any utility in the proof of the Government's case, such statement if not directly, then at the least circumstantially will establishes this defendant's guilt.

Co-defendant DY's Fifth amendment right will trump this defendant's Sixth Amendment right "to be confronted with the witnesses against [her]," and to challenge this incriminating statement by cross-examination. As set forth in Bruton, regardless of the curative/limiting instruction provided to a jury, a jury cannot be expected not to consider such co-defendant statement against this defendant.

**CONCLUSION**

For the above stated reasons, a joint trial with co-defendant DmitriyYakovlev would

14

substantially prejudice this defendant's right to receive a fair trial. Therefore, defendant respectfully moves that this Court order that she receive a separate trial and for any other relief the Court deems just and proper.

Dated: September 17, 2010
      New York, New York

                                   Respectfully submitted,

                                   /s/_____
                                 Alex Grosshtern
                                 Attorney at Law
                                 Attorney for Defendant
                                 225 Broadway, Suite 630
                                 New York, New York 10007
                                 (212) 233-1300